# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 1:19-cr-10145-NMG |
| | ) |
| ROBERT VISHAUN ROSCOE, | ) |
| | ) |
| Defendant | ) |

## GOVERNMENT'S SENTENCING MEMORANDUM

On September 7, 2019, the defendant, Robert Vishaun Roscoe, pled guilty to one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). There is no plea agreement in this case.

The government respectfully requests that the Court sentence Mr. Roscoe to 30 months in custody, followed by three years of supervised release. Any lower sentence would not adequately account for the nature and circumstances of the offense, the history and characteristics of the defendant, the need to promote respect for the law, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).

## FACTS

On October 11, 2018, at around 2:00 AM, members of the Boston Police Department responded to a 911 call regarding suspicious activity, potentially drug-related, at 20 Ames Street in Dorchester, Massachusetts. Presentence Investigation Report (PSR) at ¶¶ 8-9. When the police arrived, they saw a car parked and running in front of that address; the car had a failed inspection sticker. *Id.* ¶ 9. The driver, who had a knife, complied with the police's exit order. PSF at ¶¶ 11-12.

While the driver was being questioned, the officers noticed that Mr. Roscoe, who was in the back seat, was pretending to be asleep with a rolled marijuana cigarette in his lap. PSR at ¶ 11. An officer asked Mr. Roscoe for his ID; when he provided it, the officer recognized Mr. Roscoe as being associated with the Castlegate gang. *Id.* When the officer asked Mr. Roscoe to step out of the car, Mr. Roscoe rolled up the car window and locked the door. *Id.* ¶ 12. One officer observed Mr. Roscoe to be clenching something in his right-side waist area that was consistent with the size, shape, and weight of a gun. *Id.*

Due to the perceived presence of the gun, the officers repeated the exit order. PSR at ¶ 13. They tried to unlock the door, but Mr. Roscoe held the lock down. *Id.* After warning Mr. Roscoe, the officers broke the window. *Id.* Once the window was broken, Mr. Roscoe continued to hold the lock down. *Id.* One officer held Mr. Roscoe's right hand, another secured the left hand, and others unlocked the car. *Id.*

When the officers opened the door, they found a loaded gun twisted in Mr. Roscoe's shorts pocket. PSR ¶ 14. They cut the gun out. *Id.* The officers described the scene as chaotic and unsafe until the gun was removed. *Id.*

Mr. Roscoe has served time for several felony convictions, including a 2011 conviction for Carrying a Firearm without a License (two-year sentence), and a 2009 conviction for Armed Robbery and Assault and Battery (two-and-a half year sentence). PSR ¶¶ 16, 35, 36; *Com. v. Roscoe,* No. 11JC349 (Boston Municipal Court); *Com. v. Roscoe,* No. 0984CR10251 (Suffolk Superior Court).

## GUIDELINES CALCULATION

All parties agree that the base level is 14 under USSG § 2K2.1(a)(6)(A) and should be adjusted to 12 because Mr. Roscoe has accepted responsibility. The government and Probation agree that Mr. Roscoe is in Criminal History Category V, and that his Guideline range is between 27 and 33 months, based on the following:

| *Convictions* | *Sentence* | *CHC* |
|---|---|---|
| 1) Armed Robbery and Assault and Battery (12/07/9) | 2.5 years | +3 |
| 2) Possession of Firearm Without a Permit (09/07/11) | 2 years | +3 |
| 3) Breaking & Entering with Intent to Commit Felony (05/08/17) | 118 days | +2 |
| 4) Possession with Intent to Distribute a Class D Drug (11/05/18) | 26 days | +1 |
| 5) Assault & Battery on a Police Officer (11/09/18) | 30 days | +1 |

Mr. Roscoe's objection to the inclusion of the 2009 conviction for Armed Robbery and Assault and Battery is without merit. Mr. Roscoe contends this is not an adult conviction because he committed the underlying offense when he was 17. The Guidelines, however, state that for offenses committed before age of 18, "[i]f the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, add **3** points under § 4A1.1(a) for each such sentence." USSG § 4A1.2(d)(1). Mr. Roscoe's criminal record lists the conviction as resulting from an adult appearance, and Mr. Roscoe did not, in his objection to the PSR, identify any law to show that it was a juvenile conviction.

Mr. Roscoe's objection to the inclusion of the 2018 conviction for Possession with Intent to Distribute a Class D Drug, is also without merit. Mr. Roscoe argues that the offense, for which he received a 26-day sentence, was not a controlled

3

substance offense. But that does not matter. To calculate the Criminal History Category, the Sentencing Guidelines:

> (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
>
> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
>
> (c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.

USSG § 4A1.1(a)-(c) (emphasis omitted). "The term 'prior sentence' means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense." *Id.* § 4A1.2(a)(1). And "sentences for all felony offenses are counted." *Id.* § 4A1.2(c).

Moreover, the November 5, 2018, conviction was a felony. A "'felony offense' means any federal, state, or local offense punishable by death or a term of imprisonment exceeding one year, regardless of the actual sentence imposed." USSG § 4A1.2(o). Mr. Roscoe pled guilty to violating a law that states:

> Any person who knowingly or intentionally . . . possesses with intent to . . . distribute a controlled substance in Class D . . . shall be imprisoned in a jail or house of correction for not more than two years or by a fine of not less than five hundred nor more than five thousand dollars, or both such fine and imprisonment.

M.G.L. c. 94C, § 32C(a). That his sentence was for only 26 days does not matter.

In any event, as explained below, even if the Guideline range is lower based on a lower criminal history score, Mr. Roscoe's criminal history does not adequately reflect the danger he poses, and a 30-month sentence would still be reasonable.

4

## THE SENTENCING FACTORS

The following factors in 18 U.S.C. § 3553(a) support the government's recommended sentence of 30 months, which is in the middle of the Guideline range

### A. The nature, circumstances, and seriousness of the offense support the government's recommendation.

The circumstances under which the gun in this case was found and retrieved were troubling. Not only did Mr. Roscoe refuse to comply with law enforcement's exit order, but his active resistance caused seasoned officers to describe the entire scene as "unsafe and chaotic." PSR at ¶¶ 11-14. Moreover, one officer described Mr. Roscoe as reaching for what turned out to be a loaded gun. *Id.* ¶¶ 12-14. Had the gun not been twisted in Mr. Roscoe's shorts pocket, *id.* ¶ 14, and he had been able to access it, someone could have been hurt or killed.

### B. Mr. Roscoe's adult criminal history reflects a disregard for the safety of the public and a propensity for violence.

Mr. Roscoe received his first adult felony conviction, for the violent crime of Armed Robbery and Assault and Battery, in 2009. PSR at ¶ 35. He received a 30-month sentence, but that did little to deter future criminal activity. Soon after serving that sentence, he received a two-year sentence after pleading guilty to unlawful possession of a gun. *Id.* ¶ 36. As in this case, the arrest for that offense involved a struggle with law enforcement. *Id.* ("Upon being questioned, the defendant pushed away from and struggled with the officers[;] the defendant grabbed at the firearm in his waistband . . . . [The gun] was loaded, and the muzzle was pointed upwards and the hammer was pushed back in the firing position.").

Subsequently, Mr. Roscoe pled guilty to several other offenses, including one for assault and battery on a police officer during a Free Speech rally in 2017. PSR at ¶ 41 ("Officers observed the defendant inciting others to violence and observed him intervene when officers tried to place others under arrest. The defendant was observed on video striking a detective under his face shield in the jaw area."); *see* ECF No. 15 (Order on Government's Motion for Detention) (describing that conviction as "of note" in evaluating dangerousness).

The government notes that Mr. Roscoe's base offense level was very close to being a 20 instead of a 14. On November 5, 2018, less than one month after the arrest in this case, Mr. Roscoe pled guilty to possession with intent to distribute a Class D drug under Mass. Gen. Laws c. 94C, § 32C(a); the date that offense was committed was August 25, 2017 (14 months before he committed the offense in this case). PSR at ¶ 40; *Com. v. Roscoe*, No. 1707CR003151 (Suffolk Superior Court). Had the felony conviction for the drug offense been entered three weeks earlier, Mr. Roscoe could have faced a range of 46-57 months. *See* USSG § 2K2.1(a)(4)(A).

**C. The need to promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crime also supports the government's sentencing recommendation.**

As noted above, Mr. Roscoe's previous sentences have not deterred his criminal activity or reduced his propensity to harm the public and law enforcement. He has repeatedly disrespected the law. A thirty month sentence—which equals Mr. Roscoe's longest previous sentence—appears in order here.

## SUPERVISED RELEASE CONDITIONS

Regardless of the sentence imposed, the Court should require Mr. Roscoe to be on Supervised Release for three years with the following special conditions:

1) *Counseling*. Mr. Roscoe should receive mental health counseling while incarcerated and, if required by Probation, while on Supervised Release.

2) *Curfew*. Mr. Roscoe should be subject to a 9 p.m. – 7 a.m. curfew for the first 12 months after he goes to an outside residence approved by Probation. The Probation Office should have the power to relax the curfew for school or employment reasons and be authorized to use electronic monitoring to enforce it.

3) *Vocational and Educational Training*. Mr. Roscoe has not been able to maintain steady employment. The government requests that the Court make a judicial recommendation that Mr. Roscoe be provided with all available educational and vocational training while incarcerated and that Probation try to provide him with all available educational and vocational opportunities once he is released.

## CONCLUSION

For the reasons above, the government recommends that Mr. Roscoe be sentenced for 30 months with three years of Supervised Release.

          Respectfully submitted

          ANDREW E. LELLLING
          United States Attorney

     By:   */s/ Annapurna Balakrishna*
          Annapurna Balakrishna
December 6, 2019     Assistant U.S. Attorney

## **Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *Annapurna Balakrishna*
Annapurna Balakrishna